ALD-237                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1452
_____

IN RE:  AKEEM R. GUMBS,
                                                Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 28, 2016
Before: AMBRO, SHWARTZ, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2016)
_____

OPINION*
_____

PER CURIAM

Akeem R. Gumbs petitions for a writ of mandamus, seeking to have this Court

direct the District Court of the Virgin Islands to set a date for an evidentiary hearing in

connection with his motion filed pursuant to 28 U.S.C. § 2255.  We will deny the

petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A writ of mandamus is a drastic remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To warrant relief, a petitioner must show: (1) both a clear and indisputable right to the writ, and (2) that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr, 426 U.S. at 403).

A district court retains discretion over the manner in which it controls its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), but an appellate court may issue a writ of mandamus when an "undue delay is tantamount to a failure to exercise jurisdiction[.]" Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c). Here, there is no basis for granting the petition for a writ of mandamus on the basis of undue delay. While Gumbs claims that his § 2255 motion was pending for nearly a year before the Government filed its response,[1] nothing we would do at this point could alter that situation. The docket reflects that Gumbs filed a reply to the Government's response on January 4, 2016. The matter has thus been ripe for decision or scheduling of an evidentiary hearing for about four months.[2] We do not hesitate to conclude that this period of time does not rise to the level of undue delay. We see no reason to believe that the District Court will not

---

[1] We note that Gumbs filed a number of amended motions during that time.

[2] In any event, we would not ordinarily direct a district court, via mandamus, to hold an evidentiary hearing as district courts have the discretion to determine in the first instance whether such a hearing is necessary. See Rule 8(a), Rules Governing Section 2255 Proceedings; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

adjudicate the motion in due course.  Thus, we conclude that there is no basis here for an extraordinary remedy.

Because our intervention is not warranted, we will deny the petition for a writ of mandamus.